■ R & C CORPORATION, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (PUBLIC SCHOOL No. 32), Appellant.—Judgment, Supreme Court, New York County, entered December 4, 1975, after jury trial, unanimously reversed, on the law, and the case remanded for new trial, with $60 costs and disbursements of this appeal to abide the event. Suit is upon a contract for sewer construction, the dispute centering about an amount claimed for extra work, necessitated primarily by conditions differing from those which existed when contract bids were entered. During construction, an installation of utility lines, not yet noted in at bid time, was encountered, requiring use of a method of shoring more costly than that contemplated earlier.* Plaintiff-respondent called witnesses to describe the conditions encountered and the work done to cope with them. It then called an employee of the subcontractor, who, both orally and in an exhibit, analyzed the work done and its cost as compared to what would have been done, and its cost, had conditions been as contemplated when bids were made. Since the utilities were actually in and the work necessitated by their presence had actually been completed when the dispute between the parties arose, that comparison—what was contrasted with what might have been— constituted opinion evidence. Defendant-appellant countered by calling its own expert, an employee of the Comptroller with qualifications comparable to those of plaintiff's expert, who was to testify as to his own analysis, as well as the wisdom of choice of the method used to cope with the problem in preference to another and less costly method. Objection to his testimony was sustained on the ground that he had no personal knowledge of the facts, and that he had participated in some way in unsuccessful settlement negotiations. This was patent error. As to the second reason given, proper objection

---

* A further dispute arose concerning soil conditions encountered, also involved in the aborted battle of experts. It is not necessary to detail this aspect of the case: the court's erroneous ruling on this score was based on the same factors as the ruling concerning the problem with the utilities.

could easily have been made and sustained had there been reference to settlement negotiations. As to the other ground, quite obviously the witness' opinion could only have been based upon the same facts, in evidence, used by plaintiff's expert. That this ruling deprived defendant of a fair trial is underscored by the argument of plaintiff's counsel in summation: "There is no other evidence in the case as to what the valuations are other than what the [plaintiff's expert] witness testified to". A new trial is required. Concur—Stevens, P. J., Markewich, Murphy, Silverman and Yesawich, JJ.